UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Sarah Megan Sharer,<br>Plaintiff<br>v.<br>Arphax Carroll, et al.,<br>Defendants | Case No. 2:24-cv-01872-CDS-DJA<br>**Order Directing Clerk to Send Copies and Instructing Plaintiff to Serve the Defendants** |

In April 2026, I temporarily stayed this action after an order I issued to show cause why the case should not be dismissed for failure to serve the defendants, which was addressed to plaintiff Sarah Sharer, was returned as undeliverable from the Florence McClure Women's Correctional Center, noting that "Offender Sharer's classification status is 'MAX HIGH RISK PRISONER' effective 11/20/2025. She is under medical observation and is unable to process any items including documents." ECF No. 14.

That order stayed the action until October 6, 2026, or until Sharer was released and reclassified to a prison designation that allows her to receive and process court and legal documents, whichever occurred first. *Id.* at 3. The order further warned Sharer that if she failed to file a notice of reclassification confirming that she could receive mail, or if she remained under a designation that prevented her from receiving mail, this action would be dismissed without prejudice and without further notice at the end of the stay. *Id.*

The stay has expired, and Sharer has not filed a notice of reclassification confirming that she can receive mail. As explained in the order to show cause (ECF No. 12) and the order temporarily staying the case (ECF No. 14), both of which are incorporated herein by reference, Sharer's failure to serve the defendants warrants dismissal under Federal Rule of Civil Procedure 4(m), absent a showing of good cause or excusable neglect.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause[[1]] for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Rule 4(m) provides two avenues for relief." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). "The first is mandatory: the district court must extend time for service upon a showing of good cause." *Id.* (citation omitted). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* There is no test a court must apply to exercise its discretion and such discretion is broad. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). "As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to *sua sponte* dismissal." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quotation omitted).

Here, this court ordered Sharer to show cause why her suit should not be dismissed under Rule 4(m). ECF No. 12. However, Sharer did not receive that order because it was returned as undeliverable. ECF No. 13. To ensure that Sharer receives notice before this court sua sponte decides whether to dismiss her suit, the court kindly instructs the Clerk of Court to send a copy of the order to show cause (ECF No. 12) and this order to Sharer. Relatedly, the defendants have not been served because the U.S. Marshals Service did not receive from Sharer the three USM-285 forms attached to the court's order granting Sharer's motion to proceed *in forma pauperis* (IFP). *See* ECF Nos. 9, 9-1, 9-2, 9-3, 11. The Clerk of Court is therefore kindly directed to also send a copy of the IFP order and its attachments (ECF Nos. 9, 9-1, 9-2, 9-3) to Sharer so that she may provide them to the Marshals Service that can, in turn, serve the defendants. Finally, because it was also returned as undeliverable, the Clerk of Court is further kindly directed to send a copy of the order temporarily staying this case (ECF No. 14) to Sharer.

[1] "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

That said, the court acknowledges that dismissal without prejudice at this stage might have the effect of a dismissal *with* prejudice for some of Sharer's claims because of any applicable statute of limitations and that such a dismissal might prevent Sharer from pursuing her claims in the future. *See Lemoge*, 587 F.3d at 1198 ("Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action."); *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772–73 (9th Cir. 2004) (discussing that a court should consider certain types of prejudice when dismissing an action under Rule 4(m), including any "prejudice [that] might result from a dismissal without prejudice if, for example, the statute of limitations had expired"). However, that does not prevent me from dismissing her claims. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("The district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the district court decided to dismiss the case instead of grant an extension."); *Hart v. United States*, 817 F.2d 78, 81 (9th Cir. 1987) ("That [the plaintiff's] claim is now time-barred does not suffice to waive the requirement of service."). Indeed, the longer the court permits this action to proceed without service, the more prejudice there is to the defendants. Balancing the prejudice to both parties, I find that a short extension of the stay and of service is warranted at this time to allow Sharer to present her good-cause argument.

## Conclusion

It is hereby ordered that this action is stayed until November 30, 2026, or until Sharer files a response to the order to show cause (ECF No. 12), whichever occurs first. If Sharer fails to file a response by November 30, 2026, this action will be dismissed without prejudice, and without further notice, at the end of the stay.

It is further kindly ordered that the Clerk of Court send a copy of this order in addition to ECF No. 9, including its attachments; ECF No. 12; and ECF No. 14, to Sharer.

The Clerk of Court is further kindly directed to (1) issue summons for defendants Arphax Caroll, Dr. Cyrvenski, and Dr. K.,[2] (2) deliver the summonses to the U.S. Marshal for service, and (3) send sufficient copies of the first amended complaint (ECF No. 7) and this order to the U.S. Marshal for service on defendants.

Dated: October 27, 2026

Cristina D. Silva
United States District Judge

[2] Sharer is reminded that she should also attempt to provide more identifying information about the defendant "Dr. K.," such as that defendant's full name, in the event that the information provided to this point is not sufficient to serve defendant Dr. K.